## Fraley v. Groff, Jr.

*Harris C. Arnold*, for plaintiff; *John E. Malone*, for defendant.

GROFF, P. J., April 11, 1931.—The matter before us is a rule to strike off a rule to take the depositions of witnesses "at the office of J. E. Farrell, 1608—17th St., N. W., Washington, D. C. on the 23rd day of January, between the hours of 2 and 3 o'clock in the afternoon of said day, before Christabel E. Hill, Notary Public, one of the Notaries Public of said District of Columbia, or in case of her absence or inability to attend, before some other Notary Public of the said District at the time and place aforesaid," etc.

There seem to be two acts of assembly in existence which permit the taking of depositions or testimony of witnesses residing outside the state, without letters rogatory having been issued. The first is the Act of June 25, 1895, P. L. 279, which provides "for the taking of testimony of witnesses to be read in evidence upon the trial or hearing of any cause or matter pending or hereafter to be brought in any of the civil courts of this Commonwealth, when such witnesses may reside beyond the limits of the Commonwealth of Pennsylvania, but within the United States."

Section one of the said act provides:

"Section 1. Be it enacted, &c., That from and after the date of the passage of this act, the testimony of witnesses to be read in evidence upon the trial or hearing of any cause or matter pending or hereafter to be brought in any of the civil courts of record of this Commonwealth, when such witnesses reside beyond the limits of said Commonwealth, but within the United States, may be taken upon a rule entered in the office of the prothonotary of the court of common pleas of the county where such cause or matter is pending, in like manner as rules are now entered for the taking of the testimony of witnesses residing within the Commonwealth, and upon notice to be given to the other side in like manner as now provided by existing law or rule of

court: Provided however, That such notice of the time and place of taking said testimony shall be given at least twenty (20) days before the time fixed in said notice for the taking of the testimony, and testimony so taken upon such rule and notice shall be entered in the prothonotary's office and have effect as though the same had been taken within the limits of the Commonwealth of Pennsylvania."

Section two of the said act is as follows:

"Section 2. No rule to take testimony, as provided in the first section of this act, shall be entered in the prothonotary's office, unless permission so to do shall have been granted by the court in which the cause or matter in which such testimony is to be taken is pending, or a judge thereof in vacation."

The other act relating to the subject is the Act of June 8, 1911, P. L. 709, and is entitled, "An act to provide for the taking of testimony to be used in any of the civil courts of record in this Commonwealth of witnesses residing in any other State or in any foreign country."

The said act reads as follows:

"Section 1. Be it enacted, &c., That hereafter, where the testimony of any witness is desired to be read in evidence upon the trial or hearing of any cause or matter now or hereafter pending in any of the civil courts of this Commonwealth, and such witness resides in any other State or in any foreign country, the court may, on the application of either party, provide for the taking, in such other State or foreign country, of the testimony of such witness or witnesses orally, before an examiner appointed by the court, or before any person authorized by the laws of such other State or foreign country to administer oaths. In granting any such application the court may impose such terms, if any, as to the payment by the party applying therefor of the costs and expenses involved, including reasonable counsel fees and traveling expenses, as it shall deem proper, and may prescribe the notice to be given and the time within which such testimony shall be taken."

It will be noticed that in both the said acts it is necessary to obtain permission from the court in which the cause or matter in which such testimony is to be taken is pending, or a judge thereof in vacation, and the Act of 1911 further provides that, "In granting any such application the court may impose such terms, if any, as to the payment by the party applying therefor of the costs and expenses involved, including reasonable fees and traveling expenses, as it shall deem proper, and may prescribe the notice to be given and the time within which such testimony shall be taken."

This seems to us to be a reasonable provision, and one that is necessary in order to protect litigants that have no money to be expended in traveling a great distance in order to take the testimony of absent witnesses.

An examination of the record in this case shows that the rule to take the depositions was entered without any application to the court in which the suit is pending, or without permission of any judge thereof in vacation. The rule, therefore, seems to have been improperly entered, and we, therefore, make the rule to strike off the rule to take depositions absolute, and do strike off the rule entered in the court of common pleas without the application to, or permission of, the court to enter the said rule.

Rule on petition to strike off the rule to take depositions made absolute.

From George Ross Eshleman, Lancaster, Pa.